him, and that upon the death of the testator's daughter a trust resulted in favor of those who were at that time testator's heirs. That case is not necessarily decisive of the question under consideration, and it will doubtless be limited to its own peculiar facts. Here the legal estate passed to the trustee, but that did not prevent the reversion remaining in the testator's next of kin at the time of his death, subject to being displaced upon the coming into being of any person authorized to take under the will. At no time was there any one in being in whom the residue vested under the will, and we are therefore of opinion that the residue after the expiration of the particular estate of Mrs. Emanuel, and upon her death without issue, will revert to those who answer to the description of the next of kin of the testator, to be ascertained as of the time of his death. Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709. If, therefore, Mrs. Emanuel shall die without issue, this residue will become intestate property, and will vest immediately in those who were such next of kin at the time of the death of the testator. On this question the learned trial justice held otherwise, but in all other respects the decision is in accordance with our views.

The facts being undisputed, the third conclusion of law should be modified so as to provide that the next of kin of the testator at the time of his death will take the principal of one-third of the residue of the estate held in trust for Mrs. Emanuel upon her death without issue, and as so modified affirmed, with separate bills of costs to all the parties appearing separately, to be paid out of the funds. All concur; INGRAHAM, J., in result.

---

(67 App. Div. 12.)

RATTLE v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

1. APPEAL—PREFERENCE ON CALENDAR.
  Where a complaint contains no averments of the insolvency of a debtor, except the allegation that when defendant applied for letters of administration on the estate of such debtor she made affidavit that the debtor's property did not exceed a certain amount, but it is evident that the complaint seeks to aver a cause of action based on the ground of a transfer by the debtor in fraud of the rights of creditors, the action falls within Code Civ. Proc. § 791, subd. 5, providing that an action or special proceeding in which a creditor of a deceased insolvent debtor suing for the benefit of himself and other creditors interested in the estate is the sole plaintiff or defendant is entitled to a preference on the calendar on appeal.

2. SAME—APPLICATION—ESTOPPEL.
  The denial of an application of a defendant for a preference on the calendar, as provided by Code Civ. Proc. § 791, subd. 5, does not estop a defendant thereafter impleaded from applying for the same.

Appeal from special term, New York county.

Action by William J. Rattle against the Mutual Life Insurance Company of New York, impleaded with Helen M. Brown. From an order denying a motion for a preference and to place the action

on the preferred calendar, defendant insurance company appeals. Reversed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Roswell H. King, for appellant.

Allan Lee Smidt, for respondent.

PER CURIAM. This action is brought by William J. Rattle, a creditor of Alvah W. Brown, deceased, in behalf of himself and other creditors, to set aside the transfer of a life insurance policy issued by the defendant the Mutual Life Insurance Company of New York, on the grounds that the transferror, Alvah W. Brown, was mentally and physically incapacitated at the time of the transfer; and that such transfer was procured by the undue influence of the transferee, Helen M. Brown, one of the defendants herein; and that it was in fraud of creditors. The defendant Brown; the action being at issue as to her only, made a motion for preference, which was denied, and no appeal taken therefrom. The moving papers and the complaint contain no averments that the said Alvah W. Brown was insolvent, except the allegation in the complaint that the defendant, at the time she applied for letters of administration on the estate of said Alvah W. Brown, made an affidavit to the effect that said Alvah W. Brown's property did not exceed in value the sum of $2,010. We are not called upon at this time to pass upon the sufficiency of the complaint. It is evident, however, that it seeks to aver a cause of action based upon the ground of a transfer in fraud of the rights of creditors. It is also evident that, in order to succeed, the plaintiff must show that the deceased at the time of the transfer was insolvent, and that his estate was insufficient to pay creditors; otherwise it would not be made to appear that the plaintiff or other creditors suffered damage by such act. The deceased's estate must have been impaired by the transfer, else there would be no ground of action. If this complaint be anything, it is this cause of action. So construed, it falls within the terms of subdivision 5, § 791, of the Code of Civil Procedure, as an action for the benefit of himself and other creditors interested in the estate, and he is the sole plaintiff in the action. Under such circumstances the case is entitled to a preference. Haux v. Institution, 150 N. Y. 581, 44 N. E. 1099. The application of the defendant Brown at the time when she was the sole defendant does not constitute a bar to this application. The defendant insurance company was not a party thereto, and is not concluded thereby.

It follows that the order should be reversed, and the motion for a preference granted, with $10 costs and disbursements of this appeal.